UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

        Plaintiffs,

v.                                                                    Case No. 09-10943
                                             Honorable Patrick J. Duggan

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

        Defendant.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT NEWMONT MINING
CORPORATION'S MOTION TO DISMISS [Doc. 31]; (2) DENYING AS MOOT
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. 18]
AND; (3) DENYING AS MOOT PLAINTIFFS' MOTION FOR EMERGENCY
PRELIMINARY INJUNCTION [Doc. 19]**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 15, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this action against Defendants on March 13, 2009.  On May 1,

2009, Plaintiffs filed an amended complaint and, on May 12, 2009, they filed a second amended complaint. Plaintiffs filed a motion for partial summary judgment and "Emergency Motion for Preliminary Injunction," on May 24 and 29, 2009, respectively. Both motions pertain to Defendant Newmont Mining Corporation ("Newmont"). Newmont filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) on June 10, 2009. Having reviewed Newmont's motion and Plaintiffs' pleadings filed in response thereto, the Court concludes that it lacks personal jurisdiction over this defendant. The Court therefore grants Newmont's motion to dismiss and denies as moot Plaintiffs' motions for partial summary judgment and a preliminary injunction, as the latter motions pertain only to this defendant.

## Applicable Law

The plaintiff bears the burden of establishing the court's jurisdiction over a defendant. *Air Prods. & Controls v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citation omitted). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted). Nevertheless, where a court resolves a Rule 12(b)(2) motion without an evidentiary hearing or limited discovery, "the burden on the plaintiff is '*relatively* slight.'" *Air Prods. & Controls*, 503 F.3d at 549 (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)) (emphasis added). "'[T]he plaintiff must make only a *prima facie* showing that personal jurisdiction exists in

2:09-cv-10943-PJD-VMM   Doc # 61   Filed 07/15/09   Pg 3 of 11   Pg ID 1326

order to defeat dismissal.'" *Id*. (quoting *Theunissen*, 935 F.2d at 1458). The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff and "the court . . . does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459.

A federal court has jurisdiction over a defendant "if the defendant is amenable to service of process under the [forum] state's long arm statute, . . . and if the exercise of personal jurisdiction would not deny the defendant[] due process." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992) (internal citations omitted). The two inquiries merge, however, where the forum state's long arm statute extends the state's jurisdiction to the limits permitted under the due process clause. *Id*. Michigan's long arm statute has been interpreted as conferring "'the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment.'" *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1298 (6th Cir. 1989) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981)).

A fundamental test in determining whether a court has personal jurisdiction over a defendant is whether the defendant has sufficient minimum contacts with the forum "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339 (1940)). As the Supreme Court also has stated: "[I]t is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court

3

there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980). Personal jurisdiction can be either specific or general.

General jurisdiction exists where "a defendant's 'continuous and systematic' conduct within the forum state renders the defendant amendable to suit in any lawsuit brought against it in the forum state." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 790, 793 (6th Cir. 1996) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445-47, 72 S. Ct. 413, 418-19 (1952)). Specific jurisdiction arises where "the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum." *Id*. (citation omitted). The Sixth Circuit has developed a three-part test to analyze whether specific jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

## Application

Newmont contends in its motion to dismiss that it lacks any "jurisdictionally significant contacts with Michigan." (Doc. 31 at 2.) Senior Counsel for Newmont, Nancy Lipson, attests that Newmont has not transacted any business within Michigan with any Plaintiff. (Doc. 32 [Lipson 6/10/09 Aff.] ¶ 5.) Lipson further provides that

4

Newmont neither owns, uses, or possesses real or tangible personal property nor has an office or employees within the forum.  (*Id*. ¶ 6.)  Additionally, Lipson states that Newmont has not entered into any contract for services to be rendered or for materials to be furnished by it in the State of Michigan with Plaintiffs.  (*Id*. ¶ 8.)

In response to Newmont's motion, Plaintiffs set forth the following activities to establish that Newmont has sufficient contacts with the forum to support the Court's exercise of personal jurisdiction over the company:

> (1) Newmont Oil is a registered subsidiary of Newmont per the State of Michigan Corporation and Securities division (Doc. 44 at 6);
>
> (2) "Newmont Indonesia Limited had involvement and did major, substantial business with Ford Motor Company which is domiciled here in Dearborn, M[ichigan]" (*Id*. (citing Ex. A [Newmont's 2002 Form 10-K SEC filing]));
>
> (3) "Newmont's purported selling of shares to PT Pukuafu Indah for a false value in regard to PT Pukuafu Indah's purported 20% interest of Batu Hijau in regard to PT Newmont Nussa Tengarra (PTNNT), and then sale of stock to the general public based upon Defendant Newmont's purported sale of shares to PT Pukuafu Indah" (*Id*.);
>
> (4) "Newmont's continuous dispute resolution efforts with Plaintiffs" (Doc. 50 at 9);
>
> (5) "Sending of significant and important documents concerning Batu Hijau and Minahasa Raya to Plaintiffs in Michigan . . ." (*Id*.)

At a previous hearing in this matter, Plaintiffs also argued that Newmont is subject to personal jurisdiction in this forum because its shareholders live and bought stock in the

state.

The above-listed "contacts" are insufficient to establish that Newmont maintains "continuous and systematic" activities within the forum sufficient to assert general personal jurisdiction over the company.  Moreover, the Court cannot find based on these contacts that Newmont purposefully availed itself of the privilege of acting in the forum state and/or that this cause of action arose from those activities.  *See Southern Mach., supra*.  Thus specific personal jurisdiction also is lacking.

First, with the exception of perhaps the third activity, none of the contacts identified by Plaintiffs are related to Plaintiffs' cause of action.  As to the third activity, there is no indication that it involved Newmont making any contact with this forum.[1]  To the extent Plaintiffs are relying on Newmont's sales of stock to the general public– which may or may not include persons living in Michigan– Plaintiffs present no authority for finding personal jurisdiction based on the fact that a resident in the forum purchased a company's stock on a public exchange.[2]  Newmont, however, presents authority to the contrary.  *See, e.g., Sheldon v. Khanal*, 605 F. Supp. 2d 1179, 1185 (D. Kan. 2008);

---

[1]What the document Plaintiffs cite provides is that PT Pukuafu Indah purchased 20% of the shares of PTNNT, an Indonesian company.  (Pl.'s Prel. Inj. Mot. Ex. I at 3.) The remaining shares are held by Nusa Tenggara Partnership, which is comprised of Newmont and a Japanese corporation.  (*Id.*)  There is no evidence that PT Pukuafu Indah bought any shares of Newmont or that Newmont, directly, sold anything to PT Pukuafu Indah.

[2]Plaintiffs argue that there is nationwide service of process under the Securities and Exchange Act of 1934.  The Court will address that argument *infra*.

6

*Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 426 (E.D. Pa. 2005); *see also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000) (holding that jurisdiction is not available over a corporation whose *only* contacts with the forum are a listing on the New York Stock Exchange and activities required to maintain that listing).

Second, Plaintiffs fail to allege facts to suggest that Newmont Oil's and Newmont Indonesia Limited's purported activities in Michigan support the Court's exercise of jurisdiction over Newmont. Relying on a subsidiary's contacts with the forum to assert jurisdiction over its parent company "intentionally blurs the line between two separate and independent corporations." *Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008). However, under the "alter-ego theory of personal jurisdiction," "a non-resident parent corporation is amenable to suit in the forum state 'if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction.'" *Id.* at 362 (quoting *Danton v. Innovative Gaming Corp.*, 246 F. Supp. 2d 64, 72 (D. Me. 2003)). Yet Plaintiffs set forth no facts to support the application of this theory of jurisdiction with respect to Newmont.

Moreover, Newmont presents uncontroverted evidence that Newmont Oil has not been its subsidiary since 1988, when it was sold. (Doc. 52 [Lipson 6/26/09 Aff.] ¶¶ 1-2, Ex. 1.) Further, Newmont Oil withdrew its Michigan registration in 1990. (*Id.* ¶ 4; Newmont's Reply Ex. 1.) Newmont also points out that its 2002 Form 10-K– on which Plaintiffs rely for their second asserted contact with the forum– does not establish "major,

7

substantial business" between Newmont Indonesia Limited and Ford Motor Company.

Instead, the form provides only that Newmont Indonesia Limited guaranteed an

obligation payable by Australia Magnesium Corporation to Ford Motor Company.  In

other words, Newmont Indonesia conducted business with a company (presumably

located in Australia, not Michigan) that in turn conducted business with a Michigan

company.

      Third, the remaining activities identified by Plaintiffs (i.e. engaging in dispute

resolution efforts with Plaintiffs and sending documents concerning the Indonesian mines

to Plaintiffs) fail to demonstrate Newmont's "purposeful availment" of "the privilege of

acting in the forum."  *Southern Mach.*, 401 F.2d at 381.  "'Th[e] purposeful availment

requirement ensures that a defendant will not be haled into a jurisdiction solely as a result

of random, fortuitous or attenuated contacts or of the unilateral activity of another party

or third person.'" *Air Products & Controls*, 503 F.3d at 551 (quoting *Burger King Corp.

v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985)) (internal quotation marks

omitted).

      Plaintiffs present no details regarding Newmont's purported contacts with the

forum in relation to alleged dispute resolution efforts (i.e. who initiated the contacts,

where each party was at the time, the method of communication, etc . . .).  In any event,

contacts with the forum for the purpose of resolving a dispute "do not constitute

purposeful availment of the privilege of acting in the forum state . . .."  *See, e.g., CEM

Corp. Personal Chemistry AB*, 55 Fed. App'x 621, 625 (4th Cir. 2003) (holding that

sending representatives to the state to engage in settlement negotiations concerning dispute arising from the defendant's business activities outside the state does not demonstrate purposeful availment); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1995) (indicating that the policy favoring settlement militates against using settlement contacts with the forum state to establish personal jurisdiction); *Conwed Corp. v. Nortene, S.A.*, 404 F. Supp. 497, 504 (D. Minn. 1975)(settlement meeting in the forum state and related correspondence did not constitute sufficient contacts to establish personal jurisdiction)  Purposeful availment also is not demonstrated by evidence that the Chairman of the PT Lebong Tandai Group– an Indonesian citizen and Indonesian company (*see* Doc. 33 Ex. 9)– sent a letter to Newmont, requesting that Newmont send copies of certain documents concerning mines in Indonesia to Plaintiffs.  (Doc. 50 Ex. I.)  Plaintiffs present no evidence indicating that Newmont in fact sent the documents to Michigan; but even if Newmont did, this single act in response to a third party's request (from which the cause of action does not even arise) does not give this Court jurisdiction over Newmont.

Plaintiffs also rely on the nationwide service of process provision in § 27 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa, to establish jurisdiction over Newmont.  The only allegations against Newmont in Plaintiffs' Second Amended Complaint referring to violations of the Securities and Exchange Act of 1934 are contained in paragraph 18:

> That Newmont and its officers have filed financial statements

9

> which are materially false contrary to S.E.C. Act of 1934,
> Rules 10(b) and 10(b)(5) [sic] and the Sarbanes Oxley Act of
> 2002, 15 USC [sic] 7201 et seq. (See pertinent sections of
> Newmont's current 10K filing as well as the historical 10Ks
> as cited in Plaintiffs' 1999 SEC Complaint as examples of the
> series of materially false statements, . . .

Despite Plaintiffs' citation to Rules 10(b) and 10(b)-5 in this paragraph, there are no allegations in Plaintiffs' complaint or other pleadings to support a private cause of action against Newmont under these rules.

Rules 10(b) and 10(b)-5 prohibit certain conduct "in connection with the purchase or sale of any security . . ."  15 U.S.C. 78j; 17 C.F.R. § 240.10b-5.  Plaintiffs do not allege in their Second Amended Complaint or otherwise any facts to suggest that Newmont's allegedly false statements were made "in connection with the purchase or sale" of its securities or that Plaintiffs fall within the class of potential plaintiffs for purposes of an action under these rules.  *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S. Ct. 1917 (1975) (holding that only purchasers or sellers of securities may bring a private action for damages under Rules 10(b) and (10)(b)-5).  Thus Plaintiffs allege no facts to support this Court's exercise of jurisdiction over Newmont pursuant to the nationwide service of process provision in § 27 of the Securities and Exchange Act of 1934.

### Conclusion

For the above reasons, this Court concludes that it lacks personal jurisdiction over Newmont and that Newmont therefore must be dismissed from this action.  As such, the

Court dismisses as moot Plaintiffs' motions for an emergency preliminary injunction and for partial summary in which they seek relief from Newmont, only.

Accordingly,

**IT IS ORDERED**, that Newmont's motion to dismiss is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's emergency motion for preliminary injunction is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Plaintiffs' motion for partial summary judgment is **DENIED AS MOOT**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Dr. Leonard L.J. Young
Counsel of Record

11