UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendant.
_____/

Case No. 09-10943
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S JULY 15, 2009 OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 31, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

This matter is presently before the Court on Plaintiffs' motion for reconsideration of this Court's July 15, 2009 opinion and order granting Defendant Newmont Mining

Corporation's (Newmont's) motion to dismiss and denying as moot Plaintiffs' motion for emergency preliminary injunction and motion for partial summary judgment. The Court granted Newmont's motion to dismiss because the Court concluded that it lacked personal jurisdiction over this defendant. Plaintiffs' summary judgment and preliminary injunction motions were rendered moot by the dismissal of Newmont because, in those motions, Plaintiffs sought relief from Newmont, only. Plaintiffs filed a motion for reconsideration of the Court's decision on July 25, 2009.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.

Plaintiffs fail to demonstrate a palpable defect in this Court's conclusion that Newmont lacks sufficient contacts with the forum to enable the Court to exercise jurisdiction over it. Plaintiffs do not identify any facts that the Court overlooked in analyzing Newmont's contacts with the forum, nor do they identify any errors in the Court's legal analysis. This Court cannot "put [this] Defendant[] to [its] proofs"– as Plaintiffs contend it must (*see* Pls.' Mot. at 5)– if personal jurisdiction is lacking.

Plaintiffs appear to believe that this Court can adjudicate their claims so long as it has jurisdiction over the subject matter of their complaint. Subject matter jurisdiction,

2

however, is neither the same as nor a substitute for personal jurisdiction.  The Court must have both to adjudicate Plaintiffs' claims with respect to a particular defendant.

In their motion for reconsideration, Plaintiffs complain that Defendants have manipulated the judicial system so as to delay Plaintiffs from seeking justice.  Plaintiffs note the various actions they have taken against Newmont in other jurisdictions (including previous lawsuits they have filed) from which they have been unable to procure relief.  Whether Defendants properly thwarted Plaintiffs' prior actions– whether via motions to dismiss or otherwise– is neither before this Court nor relevant to its personal jurisdiction analysis.  In this case, however, Newmont has done exactly what federal case law interpreting the United States Constitution and the Federal Rules of Civil Procedure permit: seeking the dismissal of a lawsuit filed in a jurisdiction in which the defendant lacks minimum contacts.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration is **DENIED**.

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:
Dr. Leonard L.J. Young
Counsel of Record