UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

Case No. 09-10943
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO ALLOW LIMITED DISCOVERY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 3, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Presently before the Court is Plaintiffs' motion for limited discovery, filed July 29, 2009. Plaintiffs identify the scope of the discovery they are seeking as follows:

    a.    Disclosures on the Securities and Exchange

        Commission Public filings and the 10Ks of Newmont Mining Corporation relative to its claims of ownership of Plaintiffs' assets designated in the proposed Third Amended Complaint and in the prior Complaints filed in this matter.

b. In regard to the lending decisions and supporting documentation relative to Defendant Export Import Bank of the United States loan APO #71225

c. Information supporting the certified financial statements provided by Defendant PriceWaterhouseCoopers in support of Defendant Newmont Mining Corporation's SEC filings, as it relates to claims on those audit reports concerning the ownership of Plaintiffs' assets Bata Hijau and Minanhasa Raya by Defendant Newmont Mining Corporation.

d. Further, Plaintiffs wish to take discovery as to jurisdictional issues.

Plaintiffs apparently are seeking this discovery to address the Court's personal jurisdiction over Defendant Newmont Mining Corporation and motions to dismiss filed by the remaining defendants.

    The Court, however, already ruled on whether it has personal jurisdiction over Newmont. At no time before the Court's ruling did Plaintiffs indicate that they needed to conduct discovery to address Newmont's motion to dismiss based on lack of personal jurisdiction. Moreover, the documents Plaintiffs now seek are not the kind likely to reveal contacts between Newmont and this forum sufficient to support this Court's exercise of jurisdiction over this defendant.

    With respect to the motions to dismiss filed by the remaining Defendants,

Plaintiffs have not indicated that they need discovery to respond to the motions and, in fact, Plaintiffs already filed their response briefs. In any event, the requested documents are not relevant to the issues raised in Defendants' motions to dismiss.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion to Allow Limited Discovery is **DENIED**.

> s/PATRICK J. DUGGAN
> UNITED STATES DISTRICT JUDGE

Copies to:
Dr. Leonard L.J. Young
Counsel of Record