UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.                                          Case No. 09-10943
                                              Honorable Patrick J. Duggan

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS SECURITIES AND EXCHANGE COMMISSION, ITS CHAIR MARY L. SCHAPIRO AND PRICEWATERHOUSECOOPERS LLC**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 19, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

This matter is presently before the Court on Plaintiffs' Emergency Motion for

Preliminary Injunction, filed August 12, 2009. In their motion, Plaintiffs ask the Court to

issue a preliminary injunction ordering the Securities and Exchange Commission ("SEC"), SEC Chair Mary Schapiro, and PriceWaterhouseCoopers LLC ("PriceWaterhouse") "to cease and desist from certifying certain reports of Newmont Mining Corporation ('Newmont')." (Pls.' Mot. at 1.)  For the reasons that follow, Plaintiffs' motion is denied.

On March 13, 2009, the day this case was initiated but before it was assigned to the undersigned judge, Plaintiffs filed an "Emergency Motion for Immediate Issuance for Mandamus Pursuant to the Administrative Procedure Act." (Doc. 4.)  In their motion, Plaintiffs sought *inter alia* to "preliminarily enjoin and permanently order" the SEC and Ms. Schapiro to do the following: (1) "issue a cease and desist [o]rder to Newmont as to its numerous fraudulent filings in regard to the pertinent mines" and (2) "immediately to issue an injunction against Newmont from publishing any reference to Plaintiffs in its financial statements as well as remove all prior claims of ownership of said mines." (*Id.* at 2-3.)  Judge Stephen Murphy III, to whom this case was then assigned, held a hearing with respect to Plaintiffs' motion on March 18, 2009.  Judge Murphy issued an order denying Plaintiffs' motion on March 30, 2009. (Doc. 8.)

Plaintiffs current motion seeks essentially the same relief that they sought in the motion denied by Judge Murphy.  For that reason, alone, Plaintiffs' pending motion must be denied.  However, for several reasons, Plaintiffs also fail to demonstrate that they are entitled to injunctive relief.

For example, Plaintiffs fail to present <u>any</u> evidence to substantiate their claims that

2

statements in Newmont's SEC filings and Audit Reports are false and that they will suffer irreparable harm absent an injunction.  They also fail to set forth with any detail facts to substantiate their claim of lost business opportunities resulting from Newmont's alleged false filings.  A party seeking an injunction must present specific facts to support the elements relevant to deciding whether a preliminary injunction should issue.

As another example, Plaintiffs cite 5 U.S.C. § 702 as entitling them to the relief sought.  However this provision does not apply to Price Waterhouse, which is not a federal agency.  *Byers v. Intuit, Inc.*, 564 F. Supp. 2d 385, 413 (E.D. Pa. 2008) (dismissing claims against corporate defendants brought pursuant to the Administrative Procedures Act because they are not "agencies" under the statute); *Perry v. Delaney*, 74 F. Supp. 2d 824, 839 (C.D. Ill. 1999) (holding that a private contractor is not an "agency" subject to the APA).  With respect to the SEC and Ms. Schapiro, § 702 does not apply "to the extent that . . . agency action is committed to agency discretion by law."  5 U.S.C. § 701(a); *Heckler v. Chaney*, 470 U.S. 821, 828, 105 S. Ct. 1649, 1654 (1985).  The SEC is granted discretion in its decision whether "to police the financial statements of a public company and to make corrections [to those statements]" (Pls.' Mot. at 6).  *See* 15 U.S.C. § 78u.

For the above reasons,

**IT IS ORDERED**, that Plaintiffs' Emergency Motion for Preliminary Injunction Against Defendants Securities and Exchange Commission, Mary L. Schapiro, and PriceWaterhouseCoopers is **DENIED**.

                                                   s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record