UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.                                                                              Case No. 09-10943
                                                                                Honorable Patrick J. Duggan

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 10, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On August 12, 2009, Plaintiffs filed an "Emergency Motion for Preliminary

Injunction" in which they sought a preliminary injunction ordering the Securities and

Exchange Commission ("SEC"), SEC Chair Mary Schapiro, and

PriceWaterhouseCoopers LLC ("PriceWaterhouse") "to cease and desist from certifying certain reports of Newmont Mining Corporation ('Newmon')." On August 19, 2009, this Court entered an opinion and order denying Plaintiffs' motion. Plaintiffs now have filed an "Emergency Motion for Reconsideration."

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). Plaintiffs fail to demonstrate such a defect in the Court's decision.

First, Plaintiffs fail to demonstrate that the SEC does not exercise discretion in its decisions with respect to Newmont's filings and that, therefore, relief is available pursuant to 5 U.S.C. § 702. The cases cited by Plaintiffs in their motion for reconsideration support this Court's holding that "§ 702 does not apply 'to the extent that . . . agency action is committed to agency discretion by law.'" (Doc. 87 (quoting 5 U.S.C. § 701(a); *Heckler v. Chaney*, 470 U.S. 821, 828, 105 S. Ct. 1649, 1654 (1985)).) Plaintiffs fail to suggest how the Fifth Amendment applies to the circumstances alleged in their complaint as there is no indication that the SEC has appropriated their property for public use. *See Peters v. Fair*, 427 F.3d 1035, 1037 (6th Cir. 2005) (citing U.S. CONST. amend. V) ("The Fifth Amendment's Takings Clause prohibits appropriation of private property for public use only where just compensation is not paid.") Notably, Plaintiffs have not presented evidence to demonstrate that the claimed property in fact belongs to

them.  Moreover, such a claim would not be cognizable as to PriceWaterhouse which is not a governmental entity and where there are no allegations indicating that its actions are "fairly attributable" to the government.  *See Flagg v. Yonkers Savings & Loan Ass'n, FA.*, 396 F.3d 178 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action'"); *Bajwa v. Sunoco, Inc.*, 320 F. Supp. 2d 454, 459 (E.D. Va. 2004) ("[t]he takings clause does not provide for a cause of action against a private party.")

Second, Plaintiffs never moved to have Judge Murphy's previous denial of their motion seeking identical relief vacated and thus that ruling stands; nor have Plaintiffs demonstrated that Judge Murphy's decision should be vacated.  Because the Court finds that Plaintiffs do not set forth a legal basis for an injunction against PriceWaterhouse, it is irrelevant that PriceWaterhouse was not a party when the prior motion was heard.  Finally, regardless of whether Plaintiffs have stated numerous times that they have lost business opportunities as a result of Defendants' alleged misconduct, they have failed to present any *evidence* or even specific details to substantiate their assertions.

For these reasons,

**IT IS ORDERED**, that Plaintiffs' Emergency Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN

3

                                          UNITED STATES DISTRICT JUDGE

Copies to:
Dr. Leonard L.J. Young
Counsel of Record