UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, FRED P.
HOCHBERG,[1] JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

Case No. 09-10943
Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 6, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

---

[1]Plaintiffs name ExIm Bank Chair James H. Lambright as a defendant in their second amended complaint. On May 21, 2009, Fred P. Hochberg replaced Mr. Lambright. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Hochberg automatically is substituted for Mr. Lambright.

Plaintiffs initiated this action against Defendants on March 13, 2009. On May 1, 2009, Plaintiffs filed an amended complaint and, on May 12, 2009, they filed a second amended complaint. Defendant Newmont Mining Corporation ("Newmont") then filed a motion to dismiss for lack of personal jurisdiction, which this Court granted in an opinion and order entered July 15, 2009. Presently before the Court are the following motions to dismiss filed by the remaining Defendants:

> •Defendant JP Morgan Chase & Co.'s ("JP Morgan") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed June 26, 2009 (Doc. 53);
>
> •A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) filed by Defendant United States Securities and Exchange Commission ("SEC"), its Chair Mary L. Schapiro, the Export-Import Bank of the United States ("ExIm Bank"), and its Chair Fred P. Hochberg, filed June 29, 2009 (Doc. 55);
>
> •Defendant Goldman Sachs Group, Inc.'s ("Goldman Sachs") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), and (6), filed July 13, 2009 (Doc. 57);
>
> •A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on July 13, 2009, by Defendants James Nelson Lane ("Lane"), Devonwood Capital Partners, LLC ("Devonwood"), and New Canaan Society ("New Canaan") (Doc. 59);
>
> •Defendant PriceWaterhouseCoopers LLP's ("PWC") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed July 14, 2009 (Doc. 60).

Plaintiffs filed a response to JP Morgan's motion to dismiss (Doc. 62) and an "Omnibus Response" to the other motions (Doc. 63). Plaintiffs also have filed a motion for leave to

2

file a third amended complaint; however, for the reasons set forth in a separate opinion and order, the Court is denying Plaintiffs' request to file yet another amended complaint. Therefore, the Court will address Defendants' motions to dismiss Plaintiffs' current complaint. On September 30, 2009, this Court issued a Notice informing the parties that it is dispensing with oral argument with respect to Defendants' motions pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

## I.  Applicable Standards

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the federal district court's jurisdiction over the action before it. *See* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1350 at 61. Such motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). As the Sixth Circuit described these two categories of motions:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*. (internal citations omitted)(emphasis in original). It is the plaintiff's burden to demonstrate that the court has jurisdiction over the subject matter. *RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986)(citation omitted).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court most recently provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

## II. JP Morgan

In their second amended complaint, Plaintiffs allege that JP Morgan wrongfully converted cash assets of Plaintiffs, specifically $425 million in loan proceeds from the ExIm Bank. JP Morgan contends that Plaintiffs fail to allege the necessary elements to support a wrongful conversion claim against it in their second amended complaint. But even if Plaintiffs' allegations are sufficient, JP Morgan argues that the claim is barred by the applicable three-year statute of limitations set forth in Michigan Compiled Laws § 600.5805(10). *See Lepard v. NBD Bank*, 384 F.3d 232, 236 (6th Cir. 2004) (concluding that the three-year limitations period in § 600.5805(10) applies to conversion claims); *Tillman v. Great Lakes Truck Ctr., Inc.*, 277 Mich. App. 47, 49-50, 742 N.W.2d 622, 623 (2007) (same).

In response to JP Morgan's motion, Plaintiffs indicate that they are moving to file a third amended complaint to sufficiently allege the elements of their conversion claim. Plaintiffs further respond that JP Morgan is the "administrative agent" for the ExIm Bank loan, the loan provided a letter of credit that JP Morgan has drawn on, and JP Morgan is a

5

party to a "continuing conversion" because it continues in the capacity of an administrative agent on the loan. Plaintiffs allege that this "continuing conversion" brings JP Morgan's acts within the applicable limitations period. Plaintiffs attach a document to their response that they claim is the ExIm Bank loan agreement at issue and which appears to identify JP Morgan as the "administrative agent" for the loan. (Doc. 62 Ex. A.)

There is no evidence that the ExIm Bank loan was a letter of credit *extended to* JP Morgan. Plaintiffs assert that at a March 14, 2003 hearing in a case previously filed by Plaintiffs (except Dr. Young) against many of the same defendants in the District Court for the Southern District of New York, JP Morgan's counsel represented that the loan was a standby credit issued to JP Morgan. (Pls.' Resp. ¶ 1 (citing Doc. 53-3 at 16).) The transcript from the hearing fails to reflect such a statement by JP Morgan's counsel or anyone. Instead, the transcript indicates that the ExIM Bank made a loan to PT Newmont Nusa Tengarra which was used to repay PT Newmont Nusa Tengarra's loan obligation to JP Morgan. (Doc. 53-3 at 4.)

Plaintiffs also fail to present evidence to support their assertion that JP Morgan is an "administrative agent" for the ExIm Bank loan. JP Morgan demonstrates that the documents Plaintiffs attach to their response and claim are the purported ExIm loan documents, in fact are selected pages from multiple documents "deceitfully presented as if they all are part of a single document." (JP Morgan's Reply at 4.) The ExIm Bank loan agreement, attached as an exhibit to JP Morgan's reply brief (Doc. 74-4), does not

identify or appoint JP Morgan as an administrative agent on the loan. Plaintiffs otherwise fail to explain how JP Morgan has engaged in a "continuing conversion."

Plaintiffs' second amended complaint lacks sufficient, specific factual allegations as to when the alleged conversion by JP Morgan occurred. In their complaint, however, Plaintiffs cite to the transcript of proceedings in the District Court for the Southern District of New York previously mentioned as reflecting JP Morgan's receipt of $425 million "from a Standby Credit issued by Defendant Export Import Bank in satisfaction of a loan obligation of Defendant Newmont Mining Corporation to Defendant JP Morgan Chase & Co . . ." (2nd Am. Compl. ¶ 12.) In fact in those proceedings, Plaintiffs (except Dr. Young) sued a number of entities, including JP Morgan, and alleged the same conversion claim against JP Morgan that is asserted here. *Gideon Minerals U.S.A., Inc., et al. v. JP Morgan Chase Bank, et al.*, No. 02-cv-10140 (S.D.N.Y., filed Dec. 23, 2002) [complaint attached as Ex. A-1 to Doc. 53-3].[2] Clearly, therefore, Plaintiffs possessed knowledge of their conversion claim when they filed the preceding lawsuit in 2002. As a result, Plaintiffs are barred by the applicable statute of limitations from re-asserting their claim here.

Accordingly, Plaintiffs' conversion claim against JP Morgan is dismissed.

## III. SEC, Schapiro, ExIm Bank, and Hochberg

In their second amended complaint, Plaintiffs contest ExIM Bank's disbursement

---

[2] This Court may consider matters of public record in deciding a motion to dismiss pursuant to Rule 12(b)(6). *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

of money to PT Newmont Nusa Tengarra, claiming that the loan proceeds instead should have been disbursed to them. Plaintiffs further complain that the SEC, its Chair (collectively hereafter "SEC"), the ExIm Bank, and its Chair (hereafter collectively "ExIM Bank") have failed to take certain actions against Newmont which are mandated by law and that their failure to act has aided and abetted Newmont and others in converting Plaintiffs' mineral assets. Specifically, Plaintiffs allege that the SEC has failed to execute its duties to regulate and enforce violations of the Securities Act of 1934 and agency regulations– those violations being fraudulent actions of Newmont. Plaintiffs further assert that the SEC's and ExIm Bank's failure to act has "hindered their rights in their property." (2nd Am. Compl. ¶ 20; *see also* ¶ 30 (alleging that deprivation of Plaintiffs' right to due process under the 5th Amendment to the United States Constitution has occurred by the failure of the SEC and ExIm Bank to act).)

The SEC contends that Plaintiffs' claims against it are barred by sovereign immunity.[3] "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941); *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). "Congress must expressly waive the Nation's sovereign immunity, or federal courts cannot exercise jurisdiction over claims brought against the United States." *Ctr. for Bio-Ethical Reform*, 477 F.3d at 820. Sovereign immunity extends to agencies of the United

---

[3]Congress waived the ExIm Bank's immunity in 12 U.S.C. § 635(a)(1) and thus only the SEC and its Chair assert this defense in the motion.

States and their officials. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994); *Sprecher v. Graber*, 716 F.3d 968, 973 (6th Cir. 1983). The plaintiff bears the burden of demonstrating waiver of sovereign immunity. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 324 (6th Cir. 1990); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiffs argue that Congress waived the SEC's sovereign immunity in § 702 of the Administrative Procedures Act ("APA").[4] This Court has previously found, however, that "§ 702 does not apply 'to the extent that . . . agency action is committed to agency discretion by law.'" (Doc. 87 at 3 (quoting 5 U.S.C. § 701(a); *Heckler v. Cheney*, 470 U.S. 821, 828, 105 S. Ct. 1649, 1654 (1985).) As the Court also previously found, Plaintiffs' claims of SEC inaction and requests for the Court to order the SEC to take certain action all implicate the SEC's enforcement powers, which are to be exercised in the agency's discretion. *See, e.g.*, 15 U.S.C. § 78u(a) ("The Commission may, *in its discretion*, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision this chapter, the rules

---

[4]Although Plaintiffs do not cite the federal securities statutes or the Mandamus Act in their response brief as a source of Congress' waiver of the SEC's sovereign immunity, they do refer to these provisions in their second amended complaint. The federal securities statutes, however, contain no explicit waiver of immunity, *see SEC v. Quinlan*, No. 02-60082, 2008 WL 4852904, at *10 (E.D. Mich. Nov. 7, 2008). The Mandamus Act, which provides the Court with the power to issue a writ of mandamus, 28 U.S.C. §§ 1361, 1651, grants the Court power to compel *non-discretionary* agency action, only. *Banks v. United States Attorney*, 318 Fed. App'x 56, 57 (3d Cir. 2009) (citing *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S. Ct. 2013 (1984)). Because Plaintiffs complain of actions that fall within the SEC's and ImEx Bank's discretion, *see infra*, sovereign immunity is not waived.

9

or regulations thereunder . . .") (emphasis added); 15 U.S.C. § 78u(d)(1) ("Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation . . . it may *in its discretion* bring an action . . .") (emphasis added); *Austin v. Countrywide Home Loans, Inc.*, No. 07-15127, 2008 WL 3833269, at *8 (E.D. Mich. Aug. 13, 2008) (concluding that "[t]he SEC's decision whether to bring an enforcement action is subject to agency discretion" and therefore the agency's sovereign immunity is not waived under the APA); *Finazzo v. SEC*, No. 08-2176, 2008 WL 3521351, at *6 (S.D.N.Y. Aug. 8, 2008) (same); *SEC v. Tiffany Indus., Inc.*, 535 F. Supp. 1167, 1167 (E.D. Mo. 1982) (same). Accordingly, with respect to Plaintiffs' claims against the SEC, Congress did not waive the agency's sovereign immunity.

The SEC and ExIm Bank also argue that Plaintiffs fail to allege a claim against them for which relief is available. Plaintiffs have not responded to the SEC's and ExIm Bank's argument in their "Omnibus Response" and this Court concludes that Plaintiffs' claims in fact fail to state a viable claim against these agencies. The acts of the ExIm Bank of which Plaintiffs complain (i.e. the decision to make a loan and/or pay loan proceeds) are acts within the agency's discretion. As discussed above, the SEC's decision whether to take enforcement action against a corporation and/or investigate a corporation also are subject to the agency's discretion. As such, Plaintiffs cannot obtain the relief they seek against the SEC or ExIm Bank pursuant to § 702 of the APA or the Mandamus Act. Plaintiffs also fail to assert a claim against the SEC and ExIm Bank

under the Fifth Amendment to the U.S. Constitution because they fail to allege a property interest that is constitutionally-protected or that was misappropriated by these defendants.

The Court therefore concludes that Plaintiffs' claims against the SEC, its Chair, the ExIm Bank, and its Chair are subject to dismissal.

## IV.   Goldman Sachs

In its motion to dismiss, Goldman Sachs first argues that this Court lacks subject matter jurisdiction over Plaintiffs' claim against it. Goldman Sachs further argues that Plaintiffs' claim is barred by the doctrine of res judicata, is time-barred, and fails to state a claim upon which relief may be granted. In their Omnibus Response, Plaintiffs fail to address Goldman Sachs' first and second arguments in support of dismissal. Dismissal is warranted because this Court lacks subject matter jurisdiction over Plaintiffs' claim against Goldman Sachs. Alternatively, the claim is subject to dismissal based on the res judicata doctrine and the applicable statute of limitations.

Plaintiffs allege the same cause of action against Goldman Sachs that they alleged in the previous action in the District Court for the Southern District of New York: "fraud and conspiracy."[5] (*Compare* 2nd Am. Compl. ¶¶ 31-37 *with* Doc. 57-5 [S.D.N.Y. complaint] ¶¶ 6, 10-16.). In that case, the Honorable John S. Martin Jr. held that federal subject matter jurisdiction was lacking where the plaintiffs (Plaintiffs here, except Dr.

---

[5]Count VI of Plaintiffs' second amended complaint, in which they address Goldman Sachs, is entitled "Fraud and Conspiracy." Allegations in the complaint suggest that Plaintiffs also may be asserting a conversion claim against all Defendants. (*See, e.g.,* 2nd Am. Compl. ¶ 24.) In either event, both claims are state law claims.

Young) only alleged a state law claim and there was no diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*See* Compl. Ex. 2.)  Diversity jurisdiction also is lacking in the pending case because Plaintiff Gideon Minerals U.S.A., Inc. ("Gideon") and Defendants Newmont and Goldman Sachs are Delaware Corporations.  (Compl. Exs. E, K; Doc. 57-6.)

While Plaintiffs assert claims arising under the U.S. Constitution and federal statutes against other defendants, the Court agrees with Goldman Sachs that those claims are not sufficiently related to Plaintiffs' state law claim against Goldman Sachs so as to afford the Court ancillary or pendant jurisdiction under 28 U.S.C. § 1367(a).  Plaintiffs' claim against Goldman Sachs arises from its alleged 1994 offer to syndicate a mining loan and arrangement of financing for that loan for the benefit of Newmont instead of Plaintiffs.  (2nd Am. Compl. ¶¶ 34-37.)  The federal claims asserted in the complaint, in comparison, relate to allegedly false financial statements of Newmont and the ExIm Bank's payment of loan proceeds to JP Morgan.  While Plaintiffs do allege a violation of 15 U.S.C. §§ 80b-6(1) and (2) against Lane arising from the 1994 offer, that "claim" cannot serve as a jurisdictional predicate for Plaintiffs' state law claim against Goldman Sachs because the claim against Lane fails to state a claim upon which relief can be granted.[6]  The limited private remedy available under 15 U.S.C. §§ 80b-6(1) or (2) is not

---

[6]Plaintiffs also allege violations of the federal securities laws by Lane in Count VII of their second amended complaint ("Defrauding the Investing Public Contrary to the Investment Advisers Act of 1940").  To the extent the Court understands this claim– which contains only vague factual allegations– it appears to allege wrongdoing distinct from the 1994 syndicate mining loan.  (2nd Am. Compl. ¶¶ 40-42.)

applicable to Plaintiffs' claims or requested relief. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 24, 100 S. Ct. 242, 249 (1979) (holding that "there exists a limited private remedy under the Investment Advisers Act of 1940 to void an investment advisers contract, but that the Act confers no other private causes of action, legal or equitable").

Even if this Court has subject matter jurisdiction over Plaintiffs' claim against Goldman Sachs, the claim is barred by res judicata and the applicable statute of limitations. As mentioned above, Plaintiffs (except Dr. Young) previously sued Goldman Sachs in the District Court for the Southern District of New York based on the same conduct alleged in the present lawsuit. Judge Martin dismissed the earlier lawsuit with prejudice. (*See* Doc. 10-3 [Exhibit to Pls.' Am. Compl.].) While Dr. Young was not named in the earlier lawsuit, he was in privity with the plaintiffs in that action. (*See* 2nd Am. Compl. ¶ 2 (identifying Dr. Young as "an individual who at all times referenced herein is [sic] the Chief Executive Officer and Chairman of the Board of the other Plaintiffs herein.")) Finally, as evident by the fact that Plaintiffs alleged the same wrongdoing in their 2002 lawsuit that they allege here, Plaintiffs had sufficient notice of their claim against Goldman Sachs more than six years before they filed this action and thus the claim is time-barred. *See* Mich. Comp. Laws § 600.5813.

For these reasons, Plaintiffs' claim against Goldman Sachs is dismissed.

**V.     Lane, Devonwood, and New Canaan**

In their second Count VI of their second amended complaint, Plaintiffs allege "Investment Advising and Securities Fraud" against Lane, citing 15 U.S.C. §§ 80b-6(1)

13

and (2). As discussed above, because the Investment Advisers Act of 1940 confers no private cause of action, legal or equitable, Plaintiffs fail to state a claim in Count VI upon which relief can be granted. In Count VII ("Defrauding the Investing Public Contrary to the Investment Advisers Act of 1940"), Plaintiffs cite to the above provisions as well as sections of the Securities Exchange Act of 1934 and regulations promulgated thereunder. There also is no private right of action under the Exchange Act sections and regulations cited in this count based on the conduct alleged. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 492 (6th Cir. 1990) (holding that no private right of action exists under 15 U.S.C. § 77q(a) except for "purchasers" of securities); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (en banc) (concluding that 15 U.S.C. § 78o does not give rise to a private right of action); *Beres v. Thomson McKinnon Sec., Inc.*, No. 85 Civ. 6674, 1989 WL 105967, at *5 (S.D.N.Y. Sept. 1, 1989) (holding that there is no private right of action under 17 C.F.R. § 240.10b-3, which was promulgated by the SEC pursuant to § 78o); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 & 577 n.18 (1979) (finding no private cause of action under 15 U.S.C. § 78q or 17 C.F.R. § 240.17a-5).

Plaintiffs, therefore, fail to state a claim against Lane, Devonwood, or New Canaan upon which relief can be granted and their claims against these defendants are dismissed.

**VI.   PWC**

PWC argues that Plaintiffs' claims against it fail to state a claim upon which relief can be granted. Plaintiffs mention PWC in two counts of their second amended complaint: Count III ("Conversion Contrary to Uniform Commercial Code, Section 3-

420") and Count IV ("Conflicting Claims of Economic Interest"). Elsewhere in their complaint, Plaintiffs assert that PWC and other defendants have engaged in securities fraud and that PWC has aided and abetted in securities fraud. (*See* 2nd Am. Compl. at 2.)

In essence, Plaintiffs are alleging in their second amended complaint that PWC aided and abetted Newmont in converting Plaintiffs' mineral assets and in committing securities fraud, by preparing and filing Newmont's financial reports with the SEC. (*See id*.) These allegations do not support Plaintiffs' "claims" against PWC. First, with respect to Count III, the Michigan courts have defined conversion as "any distinct act of dominion wrongfully exerted over another's personal property." *Trail Clinic P.C. v. Bloch*, 114 Mich. App. 700, 705, 319 N.W.2d 638, 640 (1982) (citing *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438, 104 N.W.2d 360, 362 (1960)). Plaintiffs do not allege that PWC exerted any control over their property. The Court is unclear of the law Plaintiffs are alleging PWC violated in their count entitled "Conflicting Claims of Economic and Financial Interest." To the extent Plaintiffs are alleging securities fraud violations, Plaintiffs lack standing to assert such a claim because they do not allege that they actually purchased or sold any securities of Newmont. *See Blue Chip Stamps v. Manor Drug Store*, 421 U.S. 723, 95 S. Ct. 1917 (1975).

For these reasons, the Court agrees with PWC that Plaintiffs fail to allege a viable claim against it in their second amended complaint.

## VII. Conclusion

In summary, this Court concludes that Plaintiffs' claims against JP Morgan are

time-barred. Plaintiffs' claims against the SEC and its Chair are barred by sovereign immunity. This Court lacks subject matter jurisdiction over Plaintiffs' claim against Goldman Sachs; but even if this Court possessed subject matter jurisdiction, the claim is barred by the doctrine of res judicata and is time-barred. Finally, Plaintiffs' allegations against the remaining Defendants are insufficient to assert viable claims.

Accordingly,

**IT IS ORDERED**, that JP Morgan's motion to dismiss (Doc. 53) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the motion to dismiss by the SEC, its Chair, the ExIm Bank, and its Chair (Doc. 55) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Goldman Sachs' motion to dismiss (Doc. 57) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the motion to dismiss filed by Lane, Devonwood, and New Canaan (Doc. 59) is **GRANTED**; and

**IT IS FURTHER ORDERED**, that PWC's motion to dismiss (Doc. 60) is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record