UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

        Plaintiffs,

v.                                                                          Case No. 09-10943
                                                                            Honorable Patrick J. Duggan

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, FRED
P. HOCHBERG, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO
FILE THIRD AMENDED COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 6, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this action against Defendants on March 13, 2009.  On May 1,

2009, Plaintiffs filed an amended complaint and, on May 12, 2009, they filed a second

amended complaint.  Defendant Newmont Mining Corporation ("Newmont") then filed a

motion to dismiss for lack of personal jurisdiction, which this Court granted in an opinion and order entered July 15, 2009.  The remaining Defendants subsequently filed motions to dismiss.  In response to Defendants' motions to dismiss and the Court's order dismissing Newmont, Plaintiffs filed a motion for leave to file a third amended complaint on July 19, 2009.

Plaintiffs' motion has been fully briefed and is now ripe for resolution.  On September 30, 2009, this Court issued a Notice informing the parties that it is dispensing with oral argument with respect to Plaintiffs' motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).  For the reasons that follow, the Court denies Plaintiffs' motion.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires.  *See* Fed. R. Civ. P. 15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Id*.  The plaintiff's repeated failure to cure deficiencies by amendments previously allowed also is grounds for denying the plaintiff an opportunity to file yet another amended complaint.  *Id*.  An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In their motion, Plaintiffs indicate that they are seeking leave to amend their complaint to "raise[] additional clear cut jurisdictional issues" that have been the subject of Newmont's motion to dismiss for lack of personal jurisdiction and some of the remaining Defendants' motions to dismiss based on lack of subject matter jurisdiction. (Doc. 64 ¶ 3.)  Plaintiffs' proposed amendment, however, neither addresses the jurisdictional issues relevant to Newmont nor resolves the deficiencies regarding the Court's subject matter jurisdiction in Plaintiffs' second amended complaint.

But even if Plaintiffs' proposed third amended complaint resolved any jurisdictional issues, the Court concludes that the amendment is futile because Plaintiffs still have not stated claims against Defendants upon which relief can be granted. Plaintiffs' proposed allegations do not cure the deficiencies in the violations asserted in their second amended complaint, as identified by this Court in its opinion and order granting Defendants' motions to dismiss.  While Plaintiffs cite additional statutory violations by Defendants in their proposed amendment, none of the provisions cited (to the extent they even exist) provide viable theories of recovery against Defendants based on the facts alleged.

For example, Plaintiffs now allege "violations" of the Clayton Act, 15 U.S.C.

3

§ 1227, 28 U.S.C. §§ 1337(a), 1361, 1367(a), 29 U.S.C.§ 52-53[1], and Article III Section 2 of the United States Constitution.  15 U.S.C. § 1227 does not exist.[2]  29 U.S.C. § 52-53 applies to labor disputes between employers and employees and thus this Court cannot fathom its application to the facts alleged in Plaintiffs' complaint.  The remaining statutes and constitutional provision cited by Plaintiffs, except the Clayton Act, are jurisdictional statutes/provisions that grant district courts jurisdiction over certain actions.  Neither Article III Section 2 of the Constitution nor the federal statutes cited provide causes of action.

With respect to the Clayton Act, Plaintiffs assert that Defendants JP Morgan Chase ("JP Morgan"), PriceWaterhouseCoopers ("PWC"), James Nelson Lane ("Lane"), Devonwood Capital Partners ("Devonwood"), and New Canaan Society ("New Canaan") "participated either directly or indirectly in the obstruction or displacement of plaintiffs' assets, through anti competitive [sic] practices contrary to the Clayton Act."  (Proposed 3rd Am. Compl. ¶ 11.)  Plaintiffs' "naked assertions" that Defendants engaged in anti-competitive practices and "restraint[s] of trade" (*Id.* ¶ 11(c)), are insufficient to state a viable claim without "further factual enhancement."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557, 127 S. Ct. 1955, 1966 (2007).  While Plaintiffs identify certain

---

[1]In their proposed third amended complaint, Plaintiffs cite to 29 U.S.C. § 5253.  In their reply brief in support of their motion to amend, Plaintiffs indicate that they meant to cite 29 U.S.C. §§ 52-53.  (Doc. 83 at 2.)

[2]To the extent Plaintiffs intended to cite 15 U.S.C. §§ 12-27– provisions of the Clayton Act– the Court addresses the viability of their claim under the Act below.

conduct by these Defendants in paragraphs 11(a)-(d) of their proposed complaint, none of this conduct constitutes anti-competitive activity violating the Clayton Act.[3]

Plaintiffs' abuse of the judicial system– in this case and in at least three previously filed lawsuits alleging the same wrongdoing– further supports this Court's decision to deny Plaintiffs' motion to file an amended complaint.  Despite repeated efforts in this case and the prior cases, Plaintiffs have not managed yet to allege viable claims against Defendants.  Defendants nevertheless have been required to expend time and bear the costs of responding to Plaintiffs' insufficient complaints and other pleadings.  Defendants

---

[3]Specifically, Plaintiffs allege the following:

(a) JP Morgan "received payment from 'Ex Im' loan . . . which was secured by plaintiffs' assets without plaintiffs' consent or approval...";

(b) Goldman Sachs "solicited plaintiffs as a client, on information and belief formed the loan syndicate with 'Ex Im', and converted plaintiffs' assets to the use of its major stockholder/investor Sumitomo Corp.";

(c) PWC "provided and still is the Auditor for defendant Newmont Mining, and is a principal aide in the obstruction, and restraint of trade the plaintiffs are experiencing" and "has a duty . . . not to aid defendants in their false financial reporting"; and

(d) Lane, Devonwood, and New Canaan "all operate in a closed network of so called 'Christian Businessmen', and 'Christian Business' to induce the plaintiff, and other unsusupecting persons to use their 'Investment Advisor' service, and abandon their natural cautions by inviting them to private retreats, high level political meetings, and then soliciting business which is converted to their benefit and enjoyment."

(Proposed 3d Am. Compl. ¶¶ 11(a)-(d).)

will be prejudiced if they must respond to another pleading by Plaintiffs, which like their previous filings are difficult to decipher, nonsensical, and frivolous.

For these reasons,

**IT IS ORDERED**, that Plaintiffs' motion for leave to file a third amended complaint is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record