UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, FRED P.
HOCHBERG, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

Case No. 09-10943
Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 19, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On November 4, 2009, this Court issued an opinion and order granting Defendant Newmont Mining Corporation's motion for Rule 11 sanctions against Plaintiffs and their counsel. The Court held *inter alia* that Newmont Mining Corporation ("Newmont") is

entitled to "reasonable attorneys' fees and costs and expenses it incurred in defending against th[is] lawsuit" and indicated that such sanctions would be imposed "upon Newmont's submission of adequate proofs establishing those fees and costs[.]" (Doc. 102 at 7, 13.)  On November 20, 2009, Newmont submitted its proof of attorneys' fees, costs, and expenses, totaling $107,369.53.  Plaintiffs filed a response to Newmont's submission on December 21, 2009; Newmont filed a reply on January 5, 2010.  For the reasons that follow, the Court awards as sanctions the full amount that Newmont seeks.

In its November 20, 2009 submission, Newmont provides billing records and affidavits from its attorneys supporting its total attorneys' fees, costs, and expenses of $107,369.53.  The Court finds reasonable the hourly rates of Newmont's counsel and the hours billed in defense of this lawsuit.  The Court believes that Newmont acted promptly to dismiss Plaintiffs' claims against it and that Plaintiffs' repetitive and frivolous filings are what drove up the expenses incurred by Newmont. The Court further believes that awarding Newmont full compensation for its fees, costs, and expenses is not overly harsh and reflects an amount necessary to deter Plaintiffs from continuing their pattern of misconduct in litigation.

In response to Newmont's submission, Plaintiffs do not challenge the amount of Newmont's fees, costs, or expenses.  Instead, Plaintiffs continue to argue the merits of their claims and the Court's jurisdiction over Newmont.  They also point out that they have appealed the Court's decisions, including its dismissal of Newmont for lack of personal jurisdiction and its award of Rule 11 sanctions.  None of these arguments

convince the Court that monetary sanctions in an amount equal to Newmont's attorneys' fees, costs, and expenses are inappropriate. In fact, Plaintiffs' persistence in continuing to argue issues that this Court already has rejected and deemed frivolous on a number of occasions supports such sanctions.

Accordingly,

**IT IS ORDERED**, that Plaintiffs and Plaintiffs' counsel, Reifman & Glass, P.C. and Steven W. Reifman, are jointly and severally liable to Newmont for sanctions in the amount of $107,369.53, which amount shall be paid within thirty (30) days from this Opinion and Order.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Steven W. Reifman, Esq.
Eugene Driker, Esq.
Todd R. Mendel, Esq.
Mark Wielga, Esq.
Radcliffe Dann IV, Esq.