UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.                                                        Case No. 09-10943
                                                          Honorable Patrick J. Duggan

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

## OPINION AND ORDER DENYING MOTION FOR RELIEF FROM A FINAL JUDGMENT IN FAVOR OF DEFENDANTS AGAINST PLAINTIFFS AND THEIR COUNSEL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 5, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this action against defendants on March 13, 2009. On July 15, 2009, this Court issued an opinion and order dismissing defendant Newmont Mining

Corporation ("Newmont") for lack of personal jurisdiction. On October 6, 2009, the Court granted motions to dismiss filed by the remaining defendants and entered a judgment in favor of defendants and against plaintiffs. Newmont thereafter filed a motion for sanctions, which this Court granted in an opinion and order entered on November 4, 2009.

Presently before the Court is plaintiffs' Motion for Relief from a Final Judgment in Favor of Defendants Against Plaintiffs and their Counsel, filed pursuant to Federal Rules of Civil Procedure 60(b)(3) and (d)(3) on January 25, 2009. In their motion, plaintiffs seek relief not only from the opinions and orders dismissing their claims against defendants, but also the order imposing sanctions on plaintiffs and their counsel and in favor of Newmont. Plaintiffs argue that they are entitled to relief as a result of fraud by defendants.

A Rule 60(b) motion will be denied "if it is merely an attempt to relitigate the case." 11 Charles Alan Wright, Arthur R. Miller & Kay Kane, Federal Practice and Procedure § 2860 (2d ed.). The rule provides relief where a final judgment or order that "*has been procured* by fraud . . ." 35B C.J.S. Federal Civil Procedure § 1260 (2009). "[T]he fraud must have prevented the moving party from fully and fairly presenting [its] case." 11 Charles Alan Wright, Arthur R. Miller & Kay Kane, Federal Practice and Procedure § 2860 (2d ed.).

The alleged fraud that plaintiffs identify in their motion is not directed toward conduct in this action. Instead, plaintiffs assert the same misconduct that they alleged in

their complaint and amended complaint. Therefore, plaintiffs fail to demonstrate that they are entitled to relief pursuant to Rule 60(b)(3).

Accordingly,

**IT IS ORDERED**, that plaintiffs' motion for relief from judgment is **DENIED**.

                                                        <u>s/PATRICK J. DUGGAN</u>
                                                        UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record