UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, et al.,

        Plaintiffs,

v.                                                   Case No. 09-10943
                                                   Honorable Patrick J. Duggan

NEWMONT MINING CORP., et al.,

        Defendants.
_____/

## JUDGMENT FOR ATTORNEYS' FEES AND COSTS

On November 4, 2009, this Court issued an opinion and order granting Defendant Newmont Mining Corporation's motion for Rule 11 sanctions against Plaintiffs and their counsel. On January 19, 2010, this Court entered an order setting the amount of the sanctions at $107,369.53 and ordering Plaintiffs and their counsel to pay the amount within thirty days. On March 5, 2010, when neither Plaintiffs nor their counsel had complied with the order, Defendant Newmont Mining Corporation ("Newmont") filed a Motion for Entry of Final Judgment. Newmont maintains that a separate judgment for the amount awarded as Rule 11 sanctions is required pursuant to Federal Rule of Civil Procedure 58(a)– as the attorneys' fees were not awarded pursuant to Rule 54. *See* Fed. R. Civ. P. 58(a)(3). Newmont also argues that it needs a judgment to pursue collection of the amount awarded.

The Court has found no authority or guidance in the Federal Rules of Civil Procedure or decisions of the federal courts with respect to its ability to issue an

additional judgment in this matter or the proper response to Newmont's motion.[1] It appears, however, that a judgment for the amount of the sanctions awarded is needed for Newmont to pursue collection of the sanctions imposed.[2] *See* Fed. R. Civ. P. 69(a)(1); MCR 3.101. The Court, therefore, is granting Newmont's request.

Accordingly,

**IT IS ORDERED**, that **JUDGMENT** is entered in favor of Defendant Newmont Corporation against Plaintiffs and Plaintiffs' counsel, Reifman & Glass, P.C., jointly and severally, in the amount of $107,369.53.

**DATE:** April 26, 2010
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[1] It is clear to the Court that it now lacks jurisdiction to amend the judgment entered on October 6, 2009 to include the sanctions award and that it lacked jurisdiction to do so when sanctions were awarded on January 19, 2010, as Plaintiffs filed a notice of appeal with respect to the Court's judgment on December 2, 2009 and no motion to amend the judgment was timely filed. *See Griggs v. Provident Consumers Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982); *see also* Fed. R. Civ. P. 59(e), 60.

[2] The Court reluctantly enters two judgments in this case– albeit with respect to different issues. However, it could not come up with an alternative to provide Newmont the ability to collect the amount awarded and, as indicated in the text, found no guidance elsewhere on how to handle the situation. If this issue is subject to appellate review, the Court asks the Sixth Circuit Court of Appeals for guidance on how to handle this situation in the future.