UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.   Case No. 09-10943
    Honorable Patrick J. Duggan

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, JAMES H.
LAMBRIGHT, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' COUNSELS' EMERGENCY MOTION FOR INSTALLMENT PAYMENT AND PROTECTIVE ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 4, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

This matter presently is before the Court on an emergency motion filed by

Plaintiffs' counsel, Reifman & Glass, P.C. and Steven W. Reifman, on September 15,

2010. In their motion, Plaintiffs' attorneys seek an order allowing them to make

installment payments to satisfy Rule 11 sanctions issued against them and a protective order prohibiting "aggressive" collection activity against them.  Defendant Newmont Mining Corporation ("Newmont")– the defendant with an interest in the motion– has responded to the motion.  Plaintiffs' counsel filed a reply brief on September 29, 2010.

On November 4, 2009, this Court issued an order granting Newmont's motion for Rule 11 sanctions against Plaintiffs and their counsel, Steven W. Reifman and Reifman & Glass, P.C. and awarding monetary sanctions to Newmont in the form of its reasonable attorneys' fees. (Doc. 102 at 13.)  The Court further enjoined Plaintiffs "from filing any lawsuits against Defendants in this or any federal or state court related to the subject matter of this lawsuit." (*Id*. at 13-14.)  Following Newmont's submission of documentation evidencing its attorneys' fees, this Court entered an order on January 19, 2010, setting the amount of sanctions at $107,369.53.  (Doc. 111.)  The Court entered a judgment for this amount on April 26, 2010.[1]  (Doc. 132.)

Plaintiffs have filed appeals with respect to the Court's orders and judgment. (Docs. 104, 129, 158.)  Plaintiffs also moved in this Court for a stay of the judgment.

---

[1]Contrary to the contention of Plaintiffs' counsel in their pending motion– a contention they have raised previously and which the Court has rejected previously– this Court granted Newmont sanctions against Plaintiffs' counsel Reifman & Glass and Steven Reifman. (*See* Docs. 102, 111, 162 at 2 n.1.)  Nevertheless, the judgment itself inadvertently omitted Steven W. Reifman, individually.  Pursuant to Federal Rule of Civil Procedure 60(a), the Court may correct "a mistake arising from oversight or omission whenever one is found in a judgment order, . . ."  Once an appeal is docketed and is pending, however, a mistake may be corrected only with the appellate court's leave.  Fed. R. Civ. P. 60(a).  To the extent Newmont believes the Court needs to correct this omission from the judgment, it may move the Court to do so.  The Court then will indicate its inclination to do so and Newmont may ask the appellate court to remand the judgment for sanctions so that this omission may be corrected.

This Court granted in part and denied in part Plaintiffs' request for a stay on July 1, 2010, declining to stay the injunctive portion of the sanction order but agreeing to stay the monetary sanction *if* Plaintiffs submitted a supersedeas bond for the Court's approval within ten days. (Doc. 162.) Plaintiffs failed to satisfy this condition. They moved for a stay in the court of appeals, which the court denied on July 12, 2010. (Doc. 165.)

In the meantime, Newmont has taken efforts to collect on the judgment. In yet another attempt to evade the sanctions imposed against them, Plaintiffs' attorneys now seek an order allowing them to pay the sanctions in installment payments of $250 per month. Plaintiffs' attorneys also ask the Court to issue a protective order "to stop the oppressive collection actions of [Newmont]."[2] In response, Newmont vigorously opposes Plaintiffs' counsel's request, although Newmont expresses its willingness to accept some type of installment payment agreement.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution [of a money judgment]– and in proceedings supplementary to and in aid of judgment or execution– must accord with the procedure of the state where the court is located, . . ." Michigan law therefore applies to the collection of the judgment against Plaintiffs and their counsel. Pursuant to Michigan Court Rule 3.104(A), "[a] party against whom a money judgment has been entered may move for entry of an order permitting the

---

[2]In their motion, Plaintiffs' attorneys contend that Plaintiffs have an interest in valuable resources far exceeding the value of the judgment– i.e. their interest in Indonesian cooper and gold mines– which they appear to offer as security against the judgment. The Court finds this offer too frivolous to even address, for the reasons reflected in the Court's previous rulings in this case.

judgment to be paid in installments in accordance with MCL 600.6201 *et seq.*"

Michigan Compiled Laws Sections 600.6201-6251, set forth a procedure for a party to request payment of a judgment in installments. Section 6205 requires the movant to file an affidavit "setting forth his inability to pay the judgment with funds other than those earned by him as wages, setting forth the name and address of his employer, the amount of the wages and the date of payment thereof." Mich. Comp. Laws § 600.6205. If the court enters an order providing for installment payments, the order "stay[s] the issuance of any writ of garnishment for work and labor during the period that the [garnishee] complies with the order." *Id*. § 600.6215(2). Once the court enters an installment order, "[t]he garnishment of any money due or to become due for the personal work and labor of the [garnishee] . . . is prohibited" without further order of the court. *Id*. § 600.6231. However, the statute does not "prohibit a plaintiff from taking any legal means for the collection of a judgment excepting the garnishment of money due or to become due the [garnishee] for the personal work and labor of the said [garnishee]." *Id*. § 600.6245.

Based on the plain terms of the statute, it does not provide for installment payments except as to individuals and except as to "any money due or to become due for the personal work and labor of the [garnishee]." *See supra*; *see also Patel v. Garmo*, No. 1:06-cv-469, 2009 U.S. Dist. LEXIS 8481 (W.D. Mich. Feb. 5, 2009). Accordingly, the statute does not preclude Newmont from seeking to satisfy the judgment through means other than Steven W. Reifman's wages and it does not entitle Reifman & Glass to an

4

order allowing it satisfy the judgment through installment payments. Acknowledging at least the latter in their reply brief, Plaintiffs' attorneys ask the Court to use its "equitable powers" to allow Reifman & Glass to satisfy the judgment through installment payments. The Court rejects this request. Perhaps if Mr. Reifman did not waste his time and his and his firm's resources on filing repetitive frivolous lawsuits and pleadings on Plaintiffs' behalf– as he has here and in several other jurisdictions– his firm would not be in such alleged dire financial straits.

With respect to Mr. Reifman's wages, the affidavit he submits in support of the pending motion is insufficient to support his request for relief under the statute. Mr. Reifman fails to set forth the amount of his wages and the date of payment thereof; instead, he simply states: "the amount of my wages are entirely dependent upon fees received by Reifman & Glass, P.C. at this time, and the ability of that firm to pay its debts and obligations, so that there is no sum certain that I can rely upon nor any particular date of payment thereof." (Doc. 167-1 2.) The Court is not able to determine from this information whether the amount of the requested installment payment is reasonable and whether it even could be satisfied over the more than thirty five years it would take at the rate suggested.

As to Newmont's willingness to consider an alternative installment payment, the Court will let the parties attempt to work out such an agreement themselves. If the parties are able to reach an agreement setting forth the amount of an installment payment and any conditions thereto, they may present such a stipulated agreement to the Court. At this

time, however, the Court concludes that Plaintiffs' counsel have not demonstrated that they are entitled to an order for installment payments or protecting them from Newmont's collection efforts.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' counsels' emergency motion for installment payment and protective order is **DENIED**.

<u>S/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Steven W. Reifman, Esq.
Eugene Driker, Esq.
Todd R. Mendel, Esq.
Mark Wielga, Esq.
Radcliffe Dann IV, Esq.