UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PT PUKUAFU INDAH, PT LEBONG
TANDAI, PT TANJUNG SERA PUNG,
GIDEON MINERALS U.S.A., INC.,
and DR. LEONARD L.J. YOUNG,

      Plaintiffs,

v.

UNITED STATES SECURITIES &
EXCHANGE COMMISSION, MARY
J. SCHAPIRO, THE EXPORT IMPORT
BANK OF THE UNITED STATES, FRED P.
HOCHBERG, JP MORGAN CHASE & CO.,
NEWMONT MINING CORP., GOLDMAN
SACHS GROUP, INC.,
PRICEWATERHOUSECOOPERS, LLC,
JAMES NELSON LANE, DEVONWOOD
CAPITAL PARTNERS, LLC, and
NEW CANAAN SOCIETY,

      Defendants.
_____/

Case No. 09-10943
Honorable Patrick J. Duggan

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART
DEFENDANT NEWMONT MINING CORPORATION'S POST-REMAND
MOTION FOR FEDERAL RULE OF CIVIL PROCEDURE 11 SANCTIONS;
AND (2) DENYING PLAINTIFFS' POST-REMAND MOTION FOR
DISCOVERY, ORAL HEARINGS ON ALL POST REMAND PROCEEDINGS,
FOR WRIT TO ISSUE FOR THE PARTICIPATION AND PRESENCE OF DR.
LEONARD L.J. YOUNG, FOR ORDER OF IMMEDIATE RETURN OF MONIES
PAID TO NEWMONT, TO STRIKE VARIOUS DOCUMENTS FILED IN
FURTHERANCE OF THE JUDGMENT IN NEWMONT'S FAVOR THAT HAS
BEEN SET ASIDE AND TO PRODUCE DR. LEONARD L.J. YOUNG**

This matter is before the Court on two motions following a remand order from the Sixth Circuit Court of Appeals. The first motion is Defendant Newmont Mining

Corporation's renewed motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (Doc. 175). The second motion is a motion filed by Plaintiffs for miscellaneous relief (Doc. 180). While Plaintiffs request oral hearings on all post-remand matters, this Court does not believe that oral argument will aid in its disposition of the pending motions.

Defendant Newmont Mining Corporation ("Newmont") previously filed a motion for Rule 11 sanctions, which this Court granted in an opinion and order entered November 4, 2009. (Doc. 102.) In the motion, Newmont sought sanctions based on Plaintiffs' attempted filing of a Third Amended Complaint. In the November 4 decision, this Court found that Plaintiffs engaged in sanctionable conduct in attempting to file the Third Amended Complaint; however, the Court went further and outlined additional sanctionable conduct for which it found Plaintiffs' guilty. The Court therefore proceeded to award Newmont sanctions against Plaintiffs for the entirety of the attorneys' fees and costs Newmont incurred having to defend against Plaintiffs' lawsuit. Due to the number of previously dismissed lawsuits Plaintiffs had filed with respect to the subject matter of this litigation and the fact that Plaintiffs had been sanctioned in those prior proceedings but still filed the present lawsuit, the Court further enjoined Plaintiffs "from filing any lawsuits against Defendants in this or any federal or state court related to the subject matter of this lawsuit."

Plaintiffs filed an appeal, arguing that the Court erred in finding a Rule 11 violation based on conduct that was not specifically identified in Newmont's motion and that the relief granted went too far. The Sixth Circuit agreed and reversed the Court's

2

sanctions holding, vacated the order of monetary and injunctive sanctions, and remanded the case for the Court to consider Newmont's motion anew. On remand, Newmont filed a renewed Rule 11 motion again focused exclusively on Plaintiffs' attempted filing of the Third Amended Complaint. Plaintiffs also filed a motion seeking: (1) discovery relevant to Newmont's asserted attorney's fees incurred defending against the alleged sanctionable conduct; (2) oral hearings on all post-remand motions; (3) a writ to produce Plaintiff Dr. Leonard L.J. Young ("Dr. Young"), who is incarcerated in another jurisdiction, in this jurisdiction in order for him to participate in all post-remand proceedings; (4) immediate return of the sanctions already paid to Newmont; and (5) to strike certain documents.

Pursuant to Rule 11, each "pleading, written motion, or other paper" provided to a federal district court carries an implied certification that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> . . .

Fed. R. Civ. P. 11(b). The rule further provides: "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). Rule 11 allows for the

3

imposition of monetary and non-monetary sanctions; however, a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

In the Sixth Circuit, the test for imposition of Rule 11 sanctions is "whether the individual's conduct was objectively reasonable under the circumstances." *Kratage v. Charter Twp. of Commerce*, 926 F. Supp. 102, 105 (E.D. Mich. 1996) (citing *Bus. Guides v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 554, 111 S. Ct. 922, 934 (1991); *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). To determine objective reasonableness, the court must ask "whether the position advanced by a party was supported by a reasonable inquiry into the applicable law and relevant facts." *Advo Sys., Inc. v. Walters*, 110 F.R.D. 426, 430 (E.D. Mich. 1986) (citations omitted). Whether a "reasonable inquiry" was conducted "is judged by objective norms of what reasonable attorneys would have done." *In re Big Rapids Mall Assoc.*, 98 F.3d 926, 930 (6th Cir. 1996). This objective standard is "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("A good faith belief in the merits of a case is insufficient to avoid sanctions.")

For the reasons discussed in the November 4, 2009 opinion and order, this Court continues to find that Plaintiffs' attempt to file a Third Amended Complaint still naming Newmont as a defendant but failing to allege facts establishing the Court's *personal*

jurisdiction over this defendant was objectively unreasonable.[1] The Court also continues to believe that a proper penalty for the sanctionable conduct is the attorneys' fees and costs Newmont incurred having to respond thereto and in preparing its motion for sanctions. Newmont presents its counsel's billing records as proof that it incurred $11,730 in fees and costs responding to Plaintiffs' attempt to file a Third Amended Complaint. Plaintiffs offer no good reason for this Court to grant their request for discovery with respect to the accuracy of these billing records. For Newmont's preparation of its motion for sanctions, the Court is awarding it an additional $2,270 plus the interest accrued on the amount held in the interest-bearing court account (minus any fee authorized by the Judicial Conference of the United States pertaining to such accounts).[2] *See* Fed. R. Civ. P. 11(c)(2).

The Court declines Newmont's request to also require Plaintiffs to pay a penalty into the Court for their sanctionable conduct. As well, the Court declines Newmont's

---

[1]Plaintiffs assert in response to Newmont's renewed Rule 11 motion that, if the Court permitted limited discovery, sufficient contacts may be found to establish jurisdiction over Newmont. This argument is reflective of Plaintiffs' advancement of frivolous arguments and engagement of objectively unreasonable conduct in this litigation. The Court will not permit such discovery at this point.

[2]The reasonable expenses Newmont incurred in relation to its Rule 11 motion most likely exceed $2,270. However, awarding more than this amount (which can be paid from the amount currently held by the Court), will most likely result in Newmont having to chase after the funds from Plaintiffs. As made evident by Newmont's efforts to collect the previous sanctions award from Plaintiffs, this will only increase Newmont's attorneys' fees and costs, provide an opportunity for Plaintiffs to engage in further frivolous conduct and file additional vexatious pleadings, and waste more of this Court's resources.

request to enjoin Plaintiffs from filing in "any federal court any civil lawsuit against Newmont based upon or arising out of any of the legal or factual claims alleged in these actions, and the actions underlying it, unless they first receive permission or leave from this Court." (Newmont's Mot. at 20.) Had Newmont's Rule 11 motions focused on Plaintiffs' overall conduct in this lawsuit, after they filed repetitive and frivolous lawsuits related to the same subject matter in other jurisdictions, injunctive relief would be appropriate for the reasons discussed in the Court's November 4, 2009 opinion and order. For reasons beyond this Court's understanding, however, Newmont instead chose to focus its Rule 11 motions only on Plaintiffs' attempt to file the Third Amended Complaint. As such, this Court is constrained (as made clear by the Sixth Circuit in its decision) in the sanctions it can impose here. The requested injunction would go beyond the specific conduct identified in Newmont's motion.

While Newmont's and Plaintiffs' motions were pending, the parties stipulated to an order requiring Newmont to deposit into an interest-bearing court account the $14,000 attorney Steven Reifman paid Newmont pursuant to the previous sanctions award. Thus Plaintiffs' motion for the immediate return of those funds is moot. The Court denies Plaintiffs' request to strike various documents in furtherance of the now set-aside judgment for attorneys' fees as they provide no proper reason or authority for doing so. Finally, resolution of the above matters leaves nothing to be adjudicated in these post-remand proceedings. As such, the Court finds it unnecessary to issue a writ for Dr. Young's presence in this jurisdiction.

Accordingly,

**IT IS ORDERED**, that Defendant Newmont Mining Corporation's Post-Remand Motion for Federal Rule of Civil Procedure 11 Sanctions Against Steven W. Reifman, Reifman & Glass, P.C., and Plaintiffs, including Dr. Leonard L.J. Young is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Plaintiffs and Plaintiffs' counsel, Reifman & Glass, P.C. and Steven W. Reifman, are jointly and severally liable to Newmont for sanctions in the amount of $14,000 plus the interest earned in the interest-bearing court account holding that amount (minus any fee deducted by the Clerk of the Court as authorized by the Judicial Conference of the United States pertaining to such accounts);

**IT IS FURTHER ORDERED**, that the Clerk of the Court shall release the funds held in the interest-bearing court account, including the interest accumulated on those funds, to Newmont's counsel. The Clerk shall deduct from such amount any fee authorized by the Judicial Conference of the United States pertaining to such accounts;

**IT IS FURTHER ORDERED**, that Plaintiffs' Post Remand Motion for Discovery, for Oral Hearings on All Post Remand Proceedings, for Writ to Issue for the

Participation and Presence of Plaintiff Dr. Leonard L.J. Young, for Order of Immediate Return of Monies Paid to Newmont, and to Strike Various Documents is **DENIED**.

Dated: June 13, 2012                     s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Steven W. Reifman, Esq.
Eugene Driker, Esq.
Todd R. Mendel, Esq.
Mark Wielga, Esq.
Radcliffe Dann IV, Esq.

8